## SWAIN v. ARCHER.

No. 6267. Opinion Filed January 18, 1916.

(154 Pac. 644.)

**TROVER AND CONVERSION—Conversion of Mortgaged Chattels—Evidence.** Where a stock of merchandise is traded for land, notes secured by chattel mortgage are executed for the difference between the two properties, and the mortgagor sells at public sale such chattel property, and the mortgagee, acting as clerk of such sale, retains the proceeds and is sued for conversion thereof, **held**, that evidence of the entire transaction between the parties is competent.

(Syllabus by Rittenhouse, C.)

*Error from District Court, Grant County;*
*W. M. Bowles, Judge.*

Action by R. C. Archer against Ira E. Swain. Judgment for plaintiff, and defendant brings error. Affirmed.

*F. G. Walling,* for plaintiff in error.

*J. B. Drennan* and *James. M. Ready,* for defendant in error.

Opinion by RITTENHOUSE, C. This action was instituted by R. C. Archer against Ira E. Swain to recover the sum of $1,112.15, wherein it is claimed that on September 26, 1911, plaintiff advertised and sold at public sale certain chattel property owned by him; that defendant, as clerk of said sale, collected the proceeds and has failed and refused to account for the sum of $1,112.15, and by reason thereof has converted the same to his own use. Defendant answered by general denial, admitting that he acted as clerk of said sale, but alleging that he was owner of a certain chattel mortgage on the property, and that the proceeds of said sale were applied in part

payment of the debt secured thereby; that on October 17, 1911, the parties hereto had a full and complete settlement and accounting as to all the business affairs and transactions between them; and that in such settlement the sum sued for in this action was fully accounted for, and plaintiff was given credit for said amount. These questions were submitted to the jury, and verdict was rendered for plaintiff for the amount sued for.

The first question presented is that the court admitted incompetent evidence. It appears from the evidence that in the month of September, 1911, the defendant traded a certain stock of merchandise in Caldwell, Kan., to plaintiff for plaintiff's equity in a farm in Grant county, Okla., and notes were given in the sum of $10,678.18; the same being the difference between the values of these two properties. The notes were secured by a chattel mortgage covering the property sold, the proceeds of which defendant is charged with having converted. In pursuance of this exchange or trade, plaintiff took possession of the stock of merchandise and defendant went into possession of the farm. Thereafter, on September 26, 1911, by agreement of the parties, a public sale of the personal property covered by the mortgage was held. Plaintiff continued in possession of the stock of merchandise until the evening of October 14, 1911, at which time defendant repurchased the stock of merchandise from plaintiff, paying plaintiff therefor his said notes and certain other considerations. It is urged here that evidence of the original transaction was incompetent and prejudicial to defendant, on the ground that the issues in the case were strictly limited by the pleadings to the question of the conversion of the sum of $1,112.15, and that all evidence given outside of this one question was error.

We can see no merit in this contention. In order to arrive at a just and intelligent verdict, it was necessary for the jury to have before it the entire transaction, and the evidence of the original contract and the subsequent sale of personal property and the final settlement of October 14, 1911, was all competent to go to the jury, in order to ascertain whether or not there was a conversion at the time the mortgaged property was sold.

We have examined the entire record and find no error, and, as there was evidence reasonably tending to support the verdict of the jury, the same will not be disturbed by us on the weight of the evidence.

The judgment should, therefore, be affirmed.

By the Court: It is so ordered.